1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BERGMAN & GUTIERREZ LLP**
PENELOPE P. BERGMAN, ESQ., SBN 220452
penelope@b-g-law.com
DEBORAH P. GUTIERREZ, ESQ., SBN 240383
deborah@b-g-law.com
AMANDA L. GRAY, ESQ., SBN 244644
amanda@b-g-law.com
6100 Center Drive, Suite 1050
Los Angeles, California 90045
T: (310) 893-6200; F: (310) 988-2930

Attorneys for Plaintiffs,
Scott Pellaton and Erin Pellaton

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT PELLATON, an individual, and ERIN PELLATON, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; THE BANK OF NEW YORK MELLON AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2003-27, MORTGAGE PASS THROUGH CERTIFICATES, SERES 2003-27; and Does 1 – 10, inclusive,<br><br>Defendants. | Case No.  4:11-cv-05520 CW<br><br>Judge: Hon. Claudia Wilken<br><br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>DATE:  February 6, 2014<br>TIME:  2:00 PM<br>CTRM: 2<br><br>Complaint Filed:  November 11, 2011<br>Trial Set: December 1, 2014 |

1    Plaintiffs Scott Pellaton and Erin Pellaton, ("Plaintiffs") by and through their

2    attorneys of record hereby oppose Defendant's Motion to Dismiss the Second Amended

3    Complaint ("Motion"), on the grounds that, *inter alia*, the Plaintiffs' Second Amended

4    Complaint sufficiently sets forth facts in support of their claims which would entitle

5    them to relief, as required by Federal Rule of Civil Procedure 12(b)(6).

6    This opposition is based on the Second Amended Complaint, the records on file

7    in this action, and any further briefs, evidence, authorities, or arguments presented at or

8    before the hearing of this Motion.

9

10   Dated:          January 8, 2014          **BERGMAN & GUTIERREZ LLP**

11

12                                           By:   */s/ Amanda L. Gray*

13                                                 Penelope P. Bergman
                                                   Deborah P. Gutierrez
14                                                 Amanda L. Gray
                                                   Attorneys for Plaintiffs Scott Pellaton and
15                                                 Erin Pellaton

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................iv

II. STATEMENT OF FACTS .......................................................................2

III. STANDARD FOR DISMISSAL UNDER FRCP 12(b)(6) ...........................3

IV. LEGAL ARGUMENT ............................................................................4

    A. Plaintiffs Have Sufficiently Alleged an Action for Cancellation of Instruments ......................................................................................4

    B. The Assignment of Deed of Trust is Void ...........................................5

        1. Plaintiffs' Mortgage Loan Was Not Assigned to the CWMBS Trust .........................................................................................5

        2. Plaintiffs Meet the Standing Requirements to Challenge a False Instrument......................................................................6

        3. The Tender Rule does Not Apply ...........................................10

    C. Plaintiffs have Sufficiently Alleged an Action for Declaratory Relief11

    D. Plaintiffs have Sufficiently Alleged an Action for Violation of Bus. and Prof. Code Section 17200, et seq. ................................................12

        1. Plaintiffs have Alleged Wrongful Conduct Under the Statute .12

        2. Plaintiffs have Standing to Assert a UCL Claim.....................13

# TABLE OF AUTHORITIES

**Cases**

*Aniel v. Aurora Loan Services, LLC*,

    No. 10-17369, slip op. at 3 (9th Cir. Dec. 19, 2013) .................................................. 10

*Bachis v. State Farm Mutual Auto. Ins. Co*.,

    265 Cal.App.2d 722 (1968)................................................................................................ 11

*Balderas v. Countrywide Bank, N.A.*,

    Case No. 10-55064 (9th Cir., Dec. 29, 2011) .................................................................. 4

*Bell Atlantic Corp. v. Twombly*,

    55 U.S. 544 (2007)............................................................................................................... 3

*Berryman v. Merit Property Management, Inc.*,

    152 Cal.App. 4th 1544 (2007) ........................................................................................ 12

*Boschma v. Home Loan Center, Inc.*

    198 Cal.App.4th 230 (2011) ............................................................................................ 12

*Cardellini v. Casey*,

    181 Cal.App.3d 389 (1986)............................................................................................... 11

*Castro v. Barry*,

    79 Cal. 443, 445 (1889) .................................................................................................... 5

*Cervantes v. City of San Diego*,

    5 F.3d 1273 (9th Cir. 1993)............................................................................................... 3

*Conley v. Gibson*,

    355 U.S. 41 (1957)............................................................................................................... 3

*Dimock v. Emerald Properties LLC*,

    81 Cal.App.4th 868, 878 (2000) ............................................................................... 10, 11

*Glaski v. Bank of America, National Association*,

    218 Cal. App. 4th 1079 (2013) ............................................................................... passim

*Gomes v. Countrywide Home Loans, Inc.*,

    192 Cal. App. 4th 1149 (2011) ................................................................................ 2, 8, 9

*Hartford Fire Ins. Co. v. California*,

   509 U.S. 764 (1993) ................................................................................ 3

*In re Gilead Sciences Securities Litigation*,

   536 F.3d 1049 (9th Cir. 2008) ............................................................... 4

*Intel Corp. v. Hartford Acc. & Indem. Co.*,

   952 F. 2d 1551, 1556 (9th Cir. 1991) ................................................... 6

*Jenkins v. JPMorgan Chase Bank, N.A.*,

   216 Cal. App. 4th 497 (2013) ........................................................... 8, 9

*Korea Supply Co. v. Lockheed Martin Corp.*,

   29 Cal.4th 1134 (2003) ......................................................................... 13

*Kunert v. Mission Financial Services Corp.*,

   1 Cal.Rptr.3d 589 (2003) ..................................................................... 13

*Kwikset Corp. v. Superior Court* ,

   51 Cal.4th 310, (2011) ................................................................... 13, 14

*Lester v. J.P. Morgan Chase Bank*,

   2013 WL 633333, p. *8, F. Supp. 2d  (N.D. Cal., Feb. 20, 2013 .............. 10

*Little v. CFS Serv. Corp.*,

   188 Cal.App.3d 1354, 1358 (1987) ..................................................... 10

*M.F. Farming, Co. v. Couch Distrib. Co.*,

   207 Cal.App.4th 180 (2012) .................................................................. 5

*Naranjo v. SBMC Mortgage*,

   2012 WL 3030370 (S.D.Cal., Jul. 24, 2012) ........................................ 8,10

*Sacchi v. Mortgage Electronic Registration Systems, Inc.*,

   No. CV 11-1658 AHM, 2011 WL 2533029 (C.D. Cal. June 24, 2011) ..................... 10

*Schafer v. CitiMortgage, Inc.*,

   No. CV 11-03919 ODW, 2011 WL 2437267 (C.D. Cal. June 15, 2011) ................... 10

*Turner v. Turner*,

   167 Cal.App.2d 636 (1959).................................................................... 7

**TABLE OF AUTHORITIES**

*Vogan*,

    2011 WL 5826016, at *7 (N.D. Cal., Nov. 11, 2011) ................................................. 10

*Velazquez v. GMAC Mortg. Corp.*,

    605 F. Supp. 2d 1049 (C.D. Cal. 2008) ........................................................................ 4

*Western Motors Servicing Corp. v. Land Development & Inv. Co.*,

    152 Cal.App.2d 509 (1957) ......................................................................................... 11

*Wolfe v. Lipsy*,

    163 Cal.App.3d 633 (1985) ........................................................................................... 5

*Zakaessian v. Zakaessian*,

    70 Cal.App.2d 721 (1945) ............................................................................................. 5

**Statutes**

Cal. Civ. Code § 1060 .................................................................................................... 11

Cal. Civ. Code § 2923.5 ................................................................................................... 9

Cal. Civ. Code § 2924.17(a) ............................................................................................ 7

Cal. Civ. Code § 3412 ........................................................................................... 1, 4, 5, 7

Cal. Civ. Code § 3413 ...................................................................................................... 5

Cal. Bus. & Prof. Code § 17200 .................................................................................... 12

Cal. Bus. and Prof. Code § 17204 ................................................................................. 13

**Other Authorities**

*4 Miller & Starr, Cal. Real Estate (3d ed. 2003) Deeds of Trust, § 10:212, p. 686.* ...... 10

RESPA .............................................................................................................................. 9

Unfair Competition Law (UCL) ..................................................................................... 12

**TABLE OF AUTHORITIES**

1    **I.    <u>INTRODUCTION</u>**

2        Plaintiffs Scott Pellaton and Erin Pellaton ("Plaintiffs") assert that an Assignment

3    of Deed of Trust recorded against their property is false and invalid.  The Assignment

4    of Deed of Trust ("Assignment") purports to transfer the mortgage loan from MERS to

5    Defendant The Bank of New York Mellon, National Association, as Trustee

6    (hereinafter "BONY Trustee" or "Defendant") for the Certificateholders of CWMBS,

7    Inc., CHL Mortgage Pass-Through Trust 2003-27, Mortgage Pass Through Certificates,

8    Series 2003-27 ("CWMBS Trust").  However, credible evidence demonstrates that the

9    Assignment is void.  Plaintiffs have presented evidence showing that Plaintiffs' Loan

10   could not have been assigned to the CWMBS Trust in 2011 (as the Assignment

11   contends), as the CWMBS Trust was closed and could no longer accept any mortgage

12   loans following its 2003 closing date.  As such, the Assignment is void and subject to

13   cancelation pursuant to Cal. Civ. Code § 3412.

14       Rather than to address these fact-specific allegations, Defendant side steps the

15   core issues by arguing that Plaintiff lacks "standing" to challenge the validity of the

16   Assignment of Deed of Trust.  Contrary to Defendant's self-serving view of recent

17   California appellate case law, this issue has been settled.  The recent appellate ruling in

18   *Glaski v. Bank of America, National Association*, 218 Cal. App. 4th 1079 (2013) makes

19   clear that Defendant's "standing" argument is flat wrong and confirms that Plaintiffs

20   do, in fact, possess "standing" to challenge the validity of the recorded instruments.  In

21   *Glaski*, the California Court of Appeal held that a plaintiff's claims for declaratory

22   relief and cancelation of instruments based on facts nearly identical to those here—that

23   an Assignment of Deed of Trust was invalid—could survive a demurrer challenge.

24       In an attempt to play down the impact of this decision, Defendant points to

25   irrelevant and inapplicable federal case law decided years <u>before</u> *Glaski*.  The fact is,

26   California law does permit a homeowner to challenge whether the correct party is

27   foreclosing if the plaintiff provides specific reasons to support his or her allegation.  *See*

28

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1   *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2011).  As in *Glaski*,

2   Plaintiffs have identified specific facts, demonstrating that the Assignment is void.

3       Due process mandates that Defendant must follow basic real property law, even in

4   the context of foreclosure, and if it fails to do so, the instruments it places into the

5   public county recorder's office may be challenged and cancelled.  Defendant's Motion

6   to Dismiss should be denied as Plaintiffs have pled facts that, taken as true, state valid

7   causes of action.

8   **II.   STATEMENT OF FACTS**

9       On or around April 16, 2003, Plaintiffs executed a promissory note ("Note") in

10  favor of Countrywide.  The Note is secured by a deed of trust ("Deed of Trust") (Note

11  and Deed of Trust collectively, the "Loan") for the finance of real property located at

12  3801 Valley Oak Drive, Brentwood, California 94513 (the "Property").  The Loan was

13  later sold by Countrywide to an unknown entity.  (SAC, 9)

14      Over eight years later, on August 5, 2011, an Assignment Deed of Trust

15  ("Assignment") was recorded against Plaintiffs' property.  The Assignment alleges that

16  on August 3, 2011, all beneficial interest in Plaintiffs' Note and Deed of Trust was

17  assigned to BONY, as Trustee for the CWMBS Trust.  (SAC, 10, Ex. A)

18      The CWMBS Trust was created and is governed by a Trust Agreement, also

19  known as the Pooling and Servicing Agreement ("PSA").  The PSA requires that all

20  mortgage loans which were to be pooled into the Trust be assigned and transferred to the

21  Securitized Trust within a prescribed grace-period after the Trust's "Closing Date."

22  According to the PSA, the "Closing Date" of the CWMBS Trust was May 30, 2003, and

23  the prescribed grace-period was 30 days.  (SAC, 11, Ex. B)  All aspects of the Trust's

24  creation and administration are governed by New York Law.  New York Estates,

25  Powers & Trusts Law section 7-2.4, provides:  "If the trust is expressed in an instrument

26  creating the estate of the trustee, every sale, conveyance or other act of the trustee in

27  contravention of the trust, except as authorized by this article and by any other provision

28

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED
COMPLAINT**

1  of law, is void." (SAC, 12)

2         Based upon this applicable statute, and other relevant authority, the attempt made

3  by BONY as Trustee for the CWMBS Trust to assign and transfer Plaintiffs' Loan over

4  right years after the closing of the trust is void.  The Assignment constitutes an invalid

5  attempted transfer to the CWMBS Trust that is in contravention of the trust documents.

6  (SAC, 13)

7         Defendant is not the true owner of the loan because its chain of ownership had

8  been broken by a defective transfer of the loan to a securitized trust and, therefore, does

9  not have the authority to foreclose.  (SAC, 14)

10        Through this action, Plaintiffs seek cancelation of the void Assignment; injunctive

11  relief and damages resulting from BONY Trustee's unlawful conduct in filing invalid

12  instruments against Plaintiffs' Property; and a declaratory judgment establishing that

13  BONY Trustee did not obtain an interest in the Loan or Property.

14  **III.    STANDARD FOR DISMISSAL UNDER FRCP 12(b)(6)**

15        The standard for dismissal under Rule 12(b)(6) is a stringent one.  "[A] complaint

16  should not be dismissed for failure to state a claim unless it appears ***beyond doubt*** that

17  the plaintiff can prove no set of facts in support of his claim which would entitle him to

18  relief."  *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) *(quoting Conley*

19  *v. Gibson,* 355 U.S. 41, 45-46 (1957); *Cervantes v. City of San Diego*, 5 F. 3d 1273,

20  1274 (9th Cir. 1993) (emphasis added).  The complaint must be construed in the light

21  most favorable to the nonmoving party and its allegations taken as true.  *See Scheuer v.*

22  *Rhodes,* 416 U.S. 232, 236 (1974).  The U.S. Supreme Court has held that to survive a

23  motion to dismiss, a complaint must contain sufficient factual matter which, ***accepted as***

24  ***true***, would "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v.*

25  *Twombly*, 55 U.S. 544 (2007).

26        A motion to dismiss pursuant to Rule 12(b)(6) is *not* a procedure for resolving

27  contested facts or the merits of the case.  "A complaint containing allegations that, if

28

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1    proven, present a winning case is not subject to dismissal under 12(b)(6), no matter how

2    unlikely such winning outcome may appear to the district court." *Balderas v.*

3    *Countrywide Bank, N.A.*, 664 F. 3d 787, 791 (9th Cir. 2011). "[S]o long as the plaintiff

4    alleges facts to support a theory that is not facially implausible, [a] court's skepticism is

5    best reserved for later stages of the proceedings when the plaintiff's case can be rejected

6    on evidentiary grounds." *In re Gilead Sciences Securities Litigation*, 536 F. 3d 1049,

7    1057 (9th Cir. 2008).

8          Concerning Defendant's request for judicial notice, it is well established that

9    while the Court may "may take **judicial notice** of "matters of public record," a court

10   may not "take judicial notice of a fact that is subject to reasonable dispute. That is, a

11   court may take judicial notice of the undisputed matters of public record… but it **may**

12   **not take judicial notice of disputed facts** stated in public records." *Velazquez v.*

13   *GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1057 (C.D. Cal. 2008). The acts of the

14   county recorder may be subject to judicial notice; Defendant's compilation of such acts

15   and the deductions that they proffer in that regard are not appropriate subjects for

16   judicial notice.

17         This is particularly true where the central issue being litigated is the underlying

18   veracity of that instrument. The central issue in Plaintiffs' case is the veracity of the

19   very same instruments that Defendant seeks to be judicially noticed. Plaintiffs

20   disputethe truth of the factual matters contained therein (upon which Defendant heavily

21   relies) and objects to any consideration of such disputed matters as true.

22   **IV.   LEGAL ARGUMENT**

23       **A.   Plaintiffs Have Sufficiently Alleged an Action for Cancellation of**

24            **Instruments**

25         Where a *false* written instrument has been recorded against property, the

26   legislature has provided an individual with a private right of action to seek redress

27   against that injury. California Civil Code Section 3412 provides that, "[a] written

28

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be… canceled." Specifically, California law recognizes an individual's right to remove a false instrument on title by judicial cancellation of an instrument or adjudication that the instrument is invalid. Cal. Civ. Code §§ 3412, 3413; *Castro v. Barry*, 79 Cal. 443, 445 (1889); *M.F. Farming, Co. v. Couch Distrib. Co.*, 207 Cal. App. 4th 180, 201, (2012) ("In a suit to remove a cloud [on title] the complaint must state facts, not mere conclusions, showing the apparent validity of the instrument designated, and point out the reason for asserting that it is actually invalid."); *see also Wolfe v. Lipsy* 163 Cal. App. 3d 633, 638 (1985); *Zakaessian v. Zakaessian*, 70 Cal. App. 2d 721, 725 (1945) ("Section 3412 of the Civil Code permits an action to cancel an instrument which is void or voidable and the statement of the facts constituting a[n] [instrument]'s invalidity constitutes a sufficient allegation of a cause of action thereunder.").

### B.   The Assignment of Deed of Trust is Void

#### 1.   Plaintiffs' Mortgage Loan Was Not Assigned to the CWMBS Trust

The CWMBS Trust required that all mortgage files transferred to the CWMBS Trust be delivered to the trustee or initial custodian of the CWMBS Trust on or before the closing date of the trust (May 30, 2003, or 30 days thereafter). The August 3, 2011 Assignment was executed long after the closing date of the CWMBS Trust. The Assignment's failure to comply with the PSA renders the Assignment void and subject to cancelation. *See* Cal. Civ. Code § 3412; *Glaski v. Bank of America, National Association*, 218 Cal. App. 4th 1079 (2013).

Plaintiffs' case is analogous to *Glaski v. Bank of America, National Association*, where the California Appellate Court was presented with nearly identical facts as those involved in the present action. Glaski brought claims for cancelation of instruments,

declaratory relief, and wrongful foreclosure, among others, on the basis that an assignment of deed of trust attempted to transfer the borrower's mortgage loan to a securitized trust after the trust's closing date, in violation of New York trust law.  The *Glaski* court concluded that "**Glaski's factual allegations regarding post-closing date attempts to transfer his deed of trust into the [] Securitized Trust are sufficient to state a basis for concluding the attempted transfers were void.**"  *Id.* at 1097.  As a result, the court concluded, "Glaski has stated cognizable claim for wrongful foreclosure under the theory that the entity invoking the power of sale (i.e., Bank of America in its capacity as trustee for the WaMu Securitized Trust) was not the holder of the Glaski deed of trust."  *Id.*

Although Defendant maintains that *Glaski* is somehow inapplicable, Defendant fails to provide any analysis as to how the two cases differ.  (Motion, 7:15-8:2).  Indeed, the two actions involve the exact same legal issue—whether a borrower can challenge an assignment of the loan pursuant to post-closing date attempt to transfer.  Instead, Defendant points to inapplicable federal decisions in contravention of the *Glaski* decision.  However, it is well established that the Court must apply California substantive law, which includes controlling California decisional authority.  *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F. 2d 1551, 1556 (9th Cir. 1991).  The *Glaski* decision firmly establishes that it is well within a borrower's right to challenge an assignment where there is a factual basis to show that the transfer is void.

Plaintiffs have presented facts that undeniably demonstrate —at least for purposes of stating a claim on a motion todismiss—that Plaintiffs' Loan was not transferred to Defendant as trustee of the CWMBS Trust.

## 2.  Plaintiffs Meet the Standing Requirements to Challenge a False Instrument

Plaintiffs have standing to bring these claims.  "Standing" to sue is a jurisdictional limitation.  Here, Plaintiffs have suffered an injury, namely, false instruments were

recorded against their Property.  "The 'injury' referred to in Civil Code section, providing for adjudications of invalidity and for ordering cancellation of written instruments, is not limited to pecuniary loss, and it may be alteration of one's position to his prejudice…" *Turner v. Turner*, 167 Cal. App. 2d 636 (1959).  Plaintiffs have alleged the other requisite elements of standing:  causation – the false Assignment clouded the title of Plaintiffs' Property; and redressability – cancelation of the false Assignment will clear the subject title issue presented by the false instrument.

In addition, Plaintiffs' claims fall within the zone of interests sought to be protected under the U.S. Constitution – the taking of their property – and the state statutory protections under California Civil Code Section 3412 (and as further reinforced by the legislature under California Civil Code Section 2924.17(a)).

The *Glaski* decision has affirmed that a plaintiff has the requisite "standing" to challenge an Assignment of Deed of Trust.  The *Glaski* court established that a borrower may have standing to challenge an assignment of deed of trust to which he is not a party:

> When a borrower asserts an assignment was ineffective, a question often arises about the borrower's standing to challenge the assignment of the loan (note and deed of trust)—an assignment to which the borrower is not a party… We adopt th[e] view of [] law ["that a borrower can challenge as assignment of his or her note and deed of trust if the defect asserted would void the assignment"]…

> We reject the view that a borrower's challenge to an assignment must fail once it is determined that the borrower was not a party to, or third party beneficiary of, the assignment agreement.

*Glaski,* 218 Cal. App. 4th at 1094.  The court found that while a borrower may not file a preemptive lawsuit to challenge a foreclosure without specific facts supporting why the foreclosure is improper, a borrower can maintain a suit to challenge a void assignment if the borrower alleges specific facts demonstrating why the assignment was void.  *Id.* at 1094-1097.

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Here, as in *Glaski*, Plaintiffs have alleged specific facts demonstrating that the Assignment of Deed of Trust from MERS as nominee to BONY Trustee is void. Plaintiffs have demonstrated that the Assignment fails to transfer Plaintiffs' Loan to the CWMBW Trust by the closing date, rendering the Assignment void. Not surprisingly, Defendant fails to address any of the specific factual allegations alleged in Plaintiffs' Second Amended Complaint. Instead, Defendant attempts to side-step the binding and applicable *Glaski* decision, relying on *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2011) and *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal. App. 4th 497 (2013) for its erroneous contention that Plaintiffs lacks standing to challenge a false Assignment of Deed of Trust. *Gomes* and *Jenkins* are inapposite to this case for several reasons.

California appellate case law makes clear that a homeowner does have "standing" to challenge if the correct party is foreclosing if the plaintiff provides specific facts to support his or her claims. *See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2011). *Gomes* found that a homeowner could not challenge a foreclosing party's authority to foreclose without any specific facts to support this allegation. Given that many foreclosing defendants have misinterpreted *Gomes* to conclude that a homeowner *never* has standing to challenge a foreclosure, the *Glaski* court examined the opinion and noted:

> In *Gomes*, the California Court of Appeal held that a plaintiff does not have a right to bring an action to determine the nominee's authorization to proceed. Here, Plaintiff is not seeking such a determination. The role of the nominee is not central to this action as it was in *Gomes*. Rather, Plaintiff alleges that the transfer of rights to the [] Trust is improper, thus Defendants consequently lack the legal right to either collect on the debt or enforce the underlying security interest…

> The instant case is distinguishable from *Gomes* on at least two grounds. First, like *Naranjo*, Glaski has alleged that the entity claiming to be the noteholder was not the true owner of the note. In contrast, the principle set forth in *Gomes* concerns the authority of the noteholder's nominee,

1    MERS.  Second, Glaski has alleged specific grounds for his theory that
2    the foreclosure was not conducted at the direction of the correct party.

3    *Glaski,* 218 Cal. App. 4th at 1099-1099 (internal citations omitted).  Consistent with

4    Plaintiffs' position, the California Courts of Appeal has regularly held that a plaintiff

5    *can* challenge a foreclosure where there are "specific factual basis for alleging that the

6    foreclosure was not initiated by the correct party."  *Id.*; *Gomes,* 192 Cal. App. 4th at

7    1149.  Here, as in *Glaski*, Plaintiffs are not challenging the authority of the noteholder's

8    nominee; rather, Plaintiffs assert specific facts to support their allegations that BONY

9    Trustee was not assigned an interest in their Loan.

10    In *Jenkins*, the plaintiff asserted a typical preemptive challenge to a foreclosure

11    without asserting any specific facts related to her causes of action for violation of Cal.

12    Civ. Code Section 2923.5, violations of RESPA, breach of good faith and fair dealing,

13    and declaratory relief.  In fact, the plaintiff in *Jenkins* went as far as to base her claims

14    on the theory that the secured interest created by her execution of the deed of trust in

15    2007 was *extinguished* by the purportedly improper actions taken by Defendants.

16    *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal. App. 4th at 505.  Unlike the instant

17    case, and the case of *Glaski v. Bank of America*, the plaintiff in *Jenkins* failed to allege

18    any specific facts as to why the assignment of her mortgage loan was void.  Instead, the

19    plaintiff based her allegations entirely on "information and belief," claiming that the

20    party foreclosing did not have actual physical possession of the note.  *Id.* at 510.  The

21    *Jenkins* court properly concluded that where the borrower sought to place the onus on

22    the lender to establish an interest in the loan, the borrower failed to state a cause of

23    action.  *Id.* at 511-12.

24    While Defendant has spent a significant portion of its Motion citing to federal

25    case law in an effort to distinguish the *Glaski* ruling, Plaintiffsbelieve it is unnecessary

26    to respond to the substance of this misguided approach for several reasons.  First, federal

27    authority is irrelevant and inapplicable in this context—where California appellate

28

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

authority has uniformly settled the question as to whether a homeowner can challenge a foreclosure.  Further, to the extent federal case law is relevant, which it isn't, there are many federal cases from states all over the country which affirm the *Glaski* decision and the legal theories pursued herein.  *See Naranjo v. SBMC Mortgage*, 2012 WL 3030370 (S.D.Cal., Jul. 24, 2012); *Vogan*, 2011 WL 5826016, at *7 (N.D. Cal., Nov. 11, 2011); *Schafer v. CitiMortgage, Inc.*, 2011 WL 2437267, at *4 (C.D. Cal. June 15, 2011); *Sacchi v. Mortgage Electronic Registration Systems, Inc.,* No. 2011 WL 2533029, at *5 (C.D. Cal. June 24, 2011).

### 3.   The Tender Rule does Not Apply

Defendant argues that Plaintiffs' claims are barred by the tender rule.  However, there are many exceptions to the tender rule.  *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th 1079, 1100 (2013); *Aniel v. Aurora Loan Services, LLC*, No. 10-17369, slip op. at 3-4 (9th Cir. Dec. 19, 2013).  For example, tender is not required where the foreclosure sale is void, rather than voidable, such as when a plaintiff proves that the entity lacked the authority to foreclose on the property.  *Id*. (citing *Lester v. J.P. Morgan Chase Bank*, 2013 WL 633333, p. *8, __ F. Supp. 2d __ (N.D. Cal., Feb. 20, 2013); *4 Miller & Starr, Cal. Real Estate (3d ed. 2003) Deeds of Trust, §* 10:212, p. 686.)  A sale that is deemed "void" means, "in its strictest sense [ ] that [it] has no force and effect," whereas one that is deemed "voidable" can be "avoided" or set aside as a matter of equity.  *Little v. CFS Serv. Corp.,* 188 Cal. App. 3d 1354, 1358 (1987) (internal quotation marks omitted).  In a voidable sale, tender is required "based on the theory that one who is relying upon equity in overcoming a voidable sale must show that he is able to perform his obligations under the contract so that equity will not have been employed for an idle purpose." *Dimock v. Emerald Properties LLC,* 81 Cal. App. 4th 868, 878 (2000).  That reasoning does not extend to a sale that is void *ab initio,* since the contract underlying such a transaction is a "nullity with no force or effect as opposed to one which may be set aside" in reliance on equity.  *Id.* at 876.  In *Dimock,* the California

Court of Appeal held that where an incorrect trustee had foreclosed on a property and conveyed it to a third party, and the conveyed deed was not merely voidable but void, tender was not required. *Id.* at 878. ("Because *Dimock* was not required to rely upon equity in attacking the deed, he was not required to meet any of the burdens imposed when, as a matter of equity, a party wishes to set aside a voidable deed ... In particular, contrary to the defendants' argument, he was not required to tender any of the amounts due under the note."). For the purposes of the tender rule, *Dimock* is analogous to the present case to counsel against its application here.

Moreover, the tender rule is a principle of equity, and its application should not be decided at the pleading stage. *See Glaski*, at 1100. Accordingly, the tender rule cannot provide a proper basis for dismissing Plaintiffs' claims on a motion to dismiss. Plaintiffs must show injury

### C.   Plaintiffs have Sufficiently Alleged an Action for Declaratory Relief

An action for declaratory relief may be brought when there is an actual bona fide dispute between parties as to a legal obligation arising under the circumstances specified in California Code of Civil Procedure Section 1060 and the controversy is justiciable – i.e., presents a question as to which there is more than one answer. *Western Motors Servicing Corp. v. Land Development & Inv. Co.*, 152 Cal. App .2d 509, 512 (1957). It is axiomatic that a cause of action for declaratory relief serves the purpose of adjudicating future rights and liabilities between parties. *See Cardellini v. Casey*, 181 Cal. App. 3d 389 (1986); *Bachis v. State Farm Mutual Auto. Ins. Co*., 265 Cal. App. 2d 722 (1968).

To the extent Plaintiffs show that the Assignment is false and subject to cancelation, a fact-specific, concrete basis arises warranting an adjudication of the actual bona fide ownership dispute between the parties. Plaintiffs' plea for declaratory relief follows Plaintiffs' claim for cancelation of the invalid instruments. Plaintiffs seek a declaratory judgment to establish that BONY Trustee did not obtain an interest in the

Property by any legal means.  The remedy sought through a cause of action for declaratory relief is <u>separate and distinct</u> from Plaintiffs' action for cancelation of instruments, as declaratory relief <u>follows</u> to the extent there is a successful claim for cancellation of the invalid instruments.  Once the invalid instruments are canceled, declaratory relief will serve to address the next questions raised by the false instruments.  Specifically, once the Assignment is cancelled, Plaintiffs' cause of action for declaratory relief will seek a determination that Defendant did not obtain an interest in the Loan by any valid means.  *See Glaski,* 218 Cal. App. 4th at 1098.

   **D.**   **<u>Plaintiffs have Sufficiently Alleged an Action for Violation of Bus. and Prof. Code Section 17200, et seq.</u>**

   **1.**   **Plaintiffs have Alleged Wrongful Conduct Under the Statute**

The Unfair Competition Law (UCL) prohibits any unlawful, unfair, or fraudulent business practice.  The UCL is written in the disjunctive, which means a business act or practice can be alleged to be all or any of the three prongs.  *Berryman v. Merit Property Management, Inc*., 152 Cal.App.4th 1544, 1554 (2007).  Here, Plaintiffs allege BONY Trustee has engaged in practices that are fraudulent and unfair.

Plaintiffs have sufficiently stated facts constituting fraudulent business practices.  To state a claim for fraudulent business practice under the UCL, a plaintiff does not need to establish the elements of common law fraud; rather a plaintiff need only demonstrate that the practice "is one that is likely to deceive members of the public." *Boschma v. Home Loan Center, Inc.,*198 Cal. App. 4th 230, 252 (2011).  "This distinction reflects the UCL's focus on the defendant's conduct, rather than the plaintiff's damages, in service of the statute's larger purpose of protecting the general public against unscrupulous business practices." *Id.* at 252-53.  BONY Trustee engaged in fraudulent business practices by enforcing the false Assignment which contained deliberate misstatements and misrepresentations, including that BONY Trustee had been assigned Plaintiffs' Loan in 2011.

BONY Trustee also engaged in "unfair" business practices.  "[A] practice may be deemed unfair even if not specifically proscribed by some other law."  *Korea Supply Co. v. Lockheed Martin Corp.* 29 Cal. 4th 1134, 1143 (2003).  "[T]he Supreme Court has not yet enunciated a legal test for unfairness in consumer actions under the Unfair Competition Law.  The courts of appeal have variously suggested that a practice is unfair if it offends an established public policy or is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers,' and that unfairness is determined by weighing the utility of the practice against the gravity of the harm to the consumer."  *Kunert v. Mission Financial Services Corp.*, 110 Cal. App. 4th 242, 265 (2003).  The harm to Plaintiffs and consumers in general greatly outweighs Defendant's unfair actions of seeking to enforce false assignments of deeds of trust.

### 2. Plaintiffs have Standing to Assert a UCL Claim

Plaintiffs have established standing to assert a claim under the UCL.  California Business and Professions Code section 17204 requires a person to have "suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition."  "[I]njury in fact is an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent…"  *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011) (internal citations omitted).  Plaintiffs have alleged actual and imminent invasion of a legally protected interest in that an invalid assignment of deed of trust was recorded which have placed a cloud upon title to Plaintiffs' Property.

Defendant argues that Plaintiffs have not alleged a loss of money or property (i.e. economic injury) as a result of U.S. Bank's unfair competition.  (Motion, 11:17-20). However, the California Supreme Court has established, "[t]here are innumerable ways in which economic injury from unfair competition may be shown.  A plaintiff may (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter

into a transaction, costing money or property, that would otherwise have been unnecessary. *Kwikset Corp. v. Superior Court* at 323. Plaintiffs have suffered such injury in that their present and future interest in the Property is diminished, as a cloud has been placed upon title to the Property and Plaintiffs are at imminent risk of losing their home. In addition, they have been required to enter into litigation, causing them to spend money on attorney's fees that but for BONY Trustee's action would have been unnecessary. Pursuant to the foregoing, Plaintiffs have specifically pled standing under the UCL, including loss of money or property due to BONY Trustee's actions in violation of the Statute.

## V.   **CONCLUSION**

Plaintiffs' Second Amended Complaint allows the Court to infer more than the mere possibility that Plaintiffs are entitled to the relief sought. In fact, when the Court accepts the factual allegations as true, the Court can make a "reasonable inference" that Defendant has engaged in misconduct for which it may be liable. Therefore, Plaintiffs respectfully request that the Court DENY Defendant's Motion to Dismiss in its entirety. To the extent the Court grants the Motion, Plaintiffs request the opportunity to amend the Complaint to cure any deficiency, add additional causes of action.


Dated:       January 8, 2014          **BERGMAN & GUTIERREZ LLP**


                                By:   */s/ Amanda L. Gray*
                                      Penelope P. Bergman
                                      Deborah P. Gutierrez
                                      Amanda L. Gray
                                      Attorneys for Plaintiffs Scott Pellaton and
                                      Erin Pellaton

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

## Certificate of Service

I, Amanda L. Gray, attorney of record in this matter, hereby certify that on January 8, 2014, in accordance with the registered case participants and in accordance with the procedures set forth at the United States District Court, Northern District of California, service of a true and correct copy of this document was accomplished pursuant to ECF electronic delivery.

By:   */s/ Amanda L. Gray*
Amanda L. Gray